

Attorneys At Law

Trust. Knowledge. Confidence.

                                                   **Dani Schwartz**
                                                          **Principal**
                                                      **929.476.0025**
                             **dani.schwartz@offitkurman.com**

September 25, 2025

**Via ECF**
Honorable Lewis A. Kaplan, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/25/25

      Re:    *In re 491 Bergen St. Corporation, et al.*
                Case No. 25-10091-dsj (Jointly Administered) (the "Bankruptcy Cases")

                *Estate of Frank Sofia v. 139-141 Franklin St Realty Corp.*
                Civil Case No. 1:25-cv-04387-LAK (the "First Appeal")

                *Estate of Frank Sofia v. 491 Bergen St. Corporation, et al.*
                Civil Case No. 1:25-cv-06091-LAK (the "Second Appeal")

Dear Judge Kaplan:

      We represent the appellant the Estate of Frank Sofia (the "Frank Estate") in the above-referenced matters. We write to respectfully request that the Court stay or extend the briefing deadlines for the Frank Estate's Second Appeal, in which the Frank Estate's opening brief is currently due today, September 25, 2025, pending the Court's determination of the Frank Estate's First Appeal. The Frank Estate's reply brief in the First Appeal is also due, and will timely be filed, today.

      The determination of the Second Appeal hinges on the identical foundational question of law as the determination of the First Appeal: whether the Stock Surrender Decretal Provision set forth in the Frank Estate's State Court Judgment entitles the Frank Estate to recover one-third of the residual proceeds from the sales of the Debtors' assets. The First Appeal is limited to the question of the Frank Estate's entitlement to residual proceeds from the sale of the real property owned by one of the Debtors, 139-141 Franklin St Realty Corp., in the Bankruptcy Cases. The Second Appeal is limited to the Frank Estate's entitlement to residual proceeds from the sale of the three properties owned by certain of the other Debtors. A stay or extension of deadlines for the Second Appeal would promote judicial economy and save the parties significant time and expense because the determination of the Second Appeal should follow from, and be entirely consistent with, the determination of the First Appeal. Thus, regardless of this Court's determination on the First Appeal, a full briefing of the Second Appeal may not be necessary.



Trust. Knowledge. Confidence.

Page 2

Accordingly, we respectfully request a stay of the Second Appeal until further application of a party or further order of the Court or, in the alternative, a 30-day extension of time to file the Frank Estate's brief and appendix for the Second Appeal.

On September 22, 2025, we contacted counsel for the appellees in the Second Appeal in a good faith effort to secure their consent to the proposed stay or extension. Appellees' counsel has not responded, so their position on this application is unknown. We thank the Court for its consideration of this matter.

Respectfully submitted,

Dani Schwartz

cc:   **Via ECF**
      All counsel of record

4927-5904-2156, v. 1

Requested stay of Second Appeal granted.

SO ORDERED

_____ 9/25/25
LEWIS A. KAPLAN, USDJ

offitkurman.com